IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                  |   |                  |
|----------------------------------|---|------------------|
| JAMES MULLARKEY,                 | : |                  |
|                                  | : |                  |
|           Plaintiff,             | : |                  |
|      vs.                         | : | CIVIL NO. 07-912 |
|                                  | : |                  |
| BEST BUY CORP., et al.,          | : |                  |
|                                  | : |                  |
|           Defendants.            | : |                  |

**RUFE, J.**                                              June 21, 2007

**MEMORANDUM OPINION AND ORDER**

Plaintiff James V. Mullarkey filed this action against Defendants Best Buy Corporation ("Best Buy"), HSBC Bank Nevada, N.A. ("HSBC"), and Household Retail Services, Inc. ("Household"), alleging violations of the Fair Credit Reporting Act ("FCRA"),[1] and asserting negligence under Pennsylvania state law. Best Buy has answered the Complaint, while HSBC and Household have jointly filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which Mullarkey has not opposed.[2] After reviewing the Motion to Dismiss and the applicable law, the Court will grant the motion for the reasons stated below.

---

[1] 15 U.S.C. § 1681 et seq.

[2] HSBC and Household filed their Motion and attached brief on March 30, 2007. Under the rules of this Court, Mullarkey had until the end of April 13, 2007 to file any opposition brief. See E.D. Pa. R. Civ. P. 7.1(c). On June 18, 2007, the Court held a scheduling conference in this matter, where it heard oral argument on the Motion. During oral argument, Plaintiff's counsel represented to the Court that exigent circumstances had prevented him from filing a timely opposition brief. Based on these representations, the Court granted Plaintiff leave to file an opposition by the end of June 20, 2007. Plaintiff, however, has not filed an opposition brief, leaving the Court to rule on the Motion as unopposed.

**BACKGROUND**

    Mullarkey filed his Complaint in the Court of Common Pleas, Delaware County, Pennsylvania, on January 16, 2007, naming only Best Buy as a defendant. Mullarkey later filed an Amended Complaint in that same court on February 16, 2007, adding HSBC and Household as defendants. The Defendants, all represented by the same counsel, filed a Notice of Removal in this Court, which was docketed on March 6, 2007. This Court has jurisdiction over the matter under 28 U.S.C. § 1331.

    In his Amended Complaint, Mullarkey alleges the following: Mullarkey opened a line of credit at Best Buy, issued to him under account number 7001-1911-0626-4378;[3] he incurred a debt on this account of $1,594.00;[4] he later filed for bankruptcy, through which he discharged all his debts, including the debt that he owed to Best Buy.[5] Before the debt was discharged, however, Defendants[6] "reported negative information to Transunion, Experian, and Equifax companies, all of which are credit-reporting agencies."[7]

    After his debts were discharged through bankruptcy, Mullarkey contacted the Defendants, and asked them to remove the adverse credit information that appeared on his credit

---

[3] Am. Compl. ¶ 5.

[4] Id. ¶ 7.

[5] Id. ¶ 8.

[6] Mullarkey refers to the three Defendants collectively in the Amended Complaint, without explaining their respective functions. Without any additional information about the role of each Defendant and their relationship to one another, the Court assumes, for purposes herein, that Best Buy is a large chain of retail stores, and that HSBC and Household issue and administer the line of credit that Mullarkey obtained.

[7] Compl. ¶ 6.

reports.[8] In August 2004, the Defendants advised Mullarkey that the debt had been removed from his credit reports, which now reflected that his debt to Best Buy had been discharged.[9] Nonetheless, Defendants continued to incorrectly report the debt of $1,594.00 to the credit-reporting agencies, after which point Mullarkey "was harassed by collection agencies hired by the Defendants."[10] Mullarkey also alleges that because his credit score was not properly restored, that he "was not able to obtain mortgage financing and [was] denied a mortgage for a house and property that he wanted to purchase."[11] Further, he "had to undergo medical treatment by his physician for depression and anxiety and his depression and anxiety continues."[12]

       The Court now turns to the unopposed Motion to Dismiss filed by Defendants HSBC and Household.

**DISCUSSION**

**A.  Legal Standard Under Federal Rule of Civil Procedure 12(b)(6)**

       The settled rule in the Third Circuit, as in all the federal courts, is that "[d]ismissal for failure to state a claim is appropriate only if it 'appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[13] To make this determination,

---

[8] Id. ¶ 9.

[9] Id. ¶ 10.

[10] Id. ¶ 11.

[11] Id. ¶ 20.

[12] Id. ¶ 21.

[13] Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."[14] While the court should give plaintiff the benefit of every doubt, the court need not assume that the plaintiff can prove facts that he has not alleged in his complaint.[15]

**B.  Whether Mullarkey has Stated a Claim for Relief under the FCRA**

Congress enacted the FCRA in order to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."[16] The Court notes preliminarily that Mullarkey is not suing any consumer reporting agencies—rather, he is suing "furnishers of information," i.e., entities that allegedly provided the consumer reporting agencies with negative information.[17] Broadly speaking, HSBC and Household argue that their status as furnishers of information—rather than consumer reporting agencies—bars this suit against them.

Mullarkey has brought his claim under 15 U.S.C. § 1681n, which provides a private right of action for a consumer against a person who "willfully fails to comply with any requirement imposed under the [FCRA]."[18] Because the HSBC and Household are furnishers of information,

---

[14] Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quotation omitted).

[15] City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256 (3d. Cir. 1998).

[16] 15 U.S.C. § 1681(b).

[17] Mullarkey's Complaint refers to Transunion, Experian, and Equifax as "credit-reporting agencies," which the Court construes as "consumer reporting agencies" under the FCRA.  See U.S.C. § 1681a(f).

[18] 15 U.S.C. § 1681n.  The Court notes that because all three of the Defendants are corporations, they are considered "persons" under the FCRA. 15 U.S.C. § 1681a(b) ("The term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.").

they are bound by the duties set forth in 15 U.S.C. § 1681s-2, entitled "Responsibilities of furnishers of information to consumer reporting agencies."[19] After reviewing the duties imposed on such furnishers by Congress, the Court agrees with HSBC and Household that Mullarkey's Complaint does not set forth a cognizable claim for relief against them under the FCRA.

First, although § 1681s-2(a) imposes on furnishers of information the duty to provide accurate information to consumer reporting agencies, that subsection is enforceable only by a governmental body, not through a private right of action.[20] Therefore, Mullarkey has not stated a viable claim for relief under that subsection. Second, although a private plaintiff may sue a furnisher of information under § 1681s-2(b), which imposes duties on such furnishers only after a consumer reporting agency notifies it of a dispute, a private plaintiff may not sue under that subsection unless he alleges that the furnisher of information has indeed received such notice.[21] Here, Mullarkey has not alleged that he ever contacted Transunion, Experian, or Equifax regarding the adverse information in his file. Nor has he alleged that any of these consumer reporting agencies ever notified the Defendants about a dispute regarding Mullarkey's file. Therefore, as a matter of law, the legal duties of HSBC and Household under § 1681s-2(b) were never triggered. Accordingly,

---

[19] Mullarkey alleges wrongdoing on the part of Defendants, without identifying which provision of the FCRA that they purportedly violated. HSBC and Household posit that they are suable under the FCRA only under 15 U.S.C. § 1681s-2. The Court has reviewed the FCRA and found no other section of the statute imposing duties upon furnishers of information. Thus, the Court concludes that Defendants are correct.

[20] See 15 U.S.C. § 1681s-2(c)(1) (private right of action under 15 U.S.C. § 1681n not applicable to duties of furnishers of information to provide accurate information).

[21] See Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001) ("[T]o state a cause of action under 1681s-2(b) requires a pleading that a consumer reporting agency notified a furnisher of a dispute . . . so as to trigger a duty under section 1681s-2(b)."); Nagle v. Direct Merchants Credit Card Bank, N.A., No. 05-3739, 2006 U.S. Dist. LEXIS 29835, at *8 (E.D. Pa. Mar. 23, 2006) ("In order to state a claim pursuant to [§ 1681s-2(b)], a plaintiff should at least allege that he or she sent notice of disputed information to a consumer reporting agency, such that the defendant furnisher should have received notice from the agency and yet did not comply with the mandates to investigate and appropriately modify inaccurate or unverified information.").

Mullarkey has failed to state a valid claim for relief against HSBC and Household under the FCRA.

**C. Whether Mullarkey has Stated a Claim for Relief in Negligence**

HSBC and Household correctly point out that the FCRA prevents a plaintiff from bringing supplemental state-law claims for negligence, unless the supplemental claims are based on "malice or willful intent to injure [the plaintiff]."[22] But because Mullarkey has not properly pleaded claims under the FCRA against HSBC and Household, no cause of action against them arising under federal law remains. Accordingly, the Court will decline to exercise supplemental jurisdiction over his state-law claim.[23] Therefore, the Court need not reach the question of whether Mullarkey has pleaded a cause of action for negligence.

An appropriate Order follows.

---

[22] 15 U.S.C. § 1681h(e).

[23] See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MULLARKEY,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL NO. 07-912 |
| **BEST BUY CORP., et al.,** | : |
| **Defendants.** | : |

### ORDER

**AND NOW**, this 21st day of June 2007, upon consideration of the Motion to Dismiss of Defendants HSBC Bank Nevada, N.A., and Household Retail Services, Inc. [Doc. # 5], and the lack of any opposition thereto, it is hereby

**ORDERED**, that the Motion to Dismiss is **GRANTED**; it is further

**ORDERED**, that Plaintiff's Complaint against Defendants HSBC and Household is **DISMISSED**; and it is further

**ORDERED**, that Plaintiff is granted leave to refile his Complaint against HSBC and Household within 30 days of the docketing date of this Order.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**